**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABDUL K. KAMARA,
Petitioner,

v.

No. 97-1276

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-369-263)

Submitted: June 24, 1997

Decided: July 18, 1997

Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Virginia, for Petitioner. Frank W. Hunger, Assistant Attorney General, Philemina McNeill Jones, Assistant Director, Ernesto H. Molina, Jr., Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abdul Kaye Kamara petitions for review of an order of the Board of Immigration Appeals ["Board"] denying his application for asylum and for withholding of deportation but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Kamara, a native and citizen of Sierra Leone, entered the United States as a visitor in 1991. He overstayed his authorized time and has conceded his deportability. Following a hearing, the Immigration Judge denied Kamara's petitions for asylum and withholding of deportation but granted his application for voluntary departure. On appeal, the Board reviewed the claims and then dismissed his appeal. Kamara timely petitions this court for review of the Board's order.

According to Kamara's application, he fears that if he returns to Sierra Leone, he would be persecuted because he would be closely identified with the All People's Congress ["APC"], a prior controlling party. Kamara claims that he would be associated with the APC for many reasons: He is a member of the Limba tribe, which was heavily represented in the former APC; he is from a village that is known as being a political stronghold of APC; his parents supported the APC; he placed campaign posters on houses as a child; he served as Minister of Transportation of an APC-backed student union while attending college; his half-uncle is a former Speaker of the House of Parliament in the APC government; he was friends with Bambay Kamara, who was Inspector General of Police and who was later executed after a military coup; and his wife and daughter were briefly detained and questioned.

A refugee qualifies for asylum if he is unable or unwilling to return to the country of his nationality "because of persecution or a well-

2

founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West. Supp. 1997). The well-founded fear standard contains both a subjective and an objective component. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. Huaman-Cornelio, 979 F.2d at 999. The reviewing court can reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We conclude that substantial evidence supports the Board's finding that Kamara failed to show that he was persecuted or has a well-founded fear or clear probability of future persecution on account of one of the statutory grounds. The record reveals that the brief detention of Kamara's wife and daughter does not create a reasonable fear that Kamara will be persecuted in the future. The record also reveals that Kamara's position in the APC-supported student group while he was in school does not create a well-founded fear of future persecution. Additionally, the record reflects that Kamara failed to establish a nexus to his half-uncle, the former Speaker of the House of Parliament, or to his friend, a former Inspector of Police, that would support a reasonable fear of persecution. Accordingly, we find that substantial evidence supports the Board's conclusion that Kamara did not meet his burden of proof for asylum.

Because Kamara fails to meet the less stringent burden of proof for asylum, it is not necessary for us to decide whether he is eligible for withholding under 8 U.S.C.A. § 1253(h) (West Supp. 1997). See Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991). We affirm the Board's ruling denying Kamara's application for asylum and for withholding of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED